## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

VIRGIN ISLANDS HOUSING FINANCE ) 
AUTHORITY, )
                           )
           Plaintiff, )
                           )    Civil No. 2017-48
          v. )
                           )
                           )
SHAWAMBI BROWNE; UNITED STATES )
DEPARTMENT OF AGRICULTURE )
(RURAL DEVELOPMENT), )
                           )
          Defendants. )

ATTORNEYS:

**Flavia E. Logie, Esq.**
V.I Housing Finance Authority
St. Thomas, U.S.V.I.
     *For the Virgin Islands Housing Finance Authority,*

**Sansara A. Cannon,**
Assistant U.S. Attorney
St. Thomas, U.S.V.I.
     *For Rural Development.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Virgin Islands Housing Finance Authority, to voluntarily dismiss this action.

Shawambi Browne ("Browne") owns real property in St. Thomas, Virgin Islands described as:

     Parcel No. 148-310 Estate Anna's Retreat
     No. 1 New Quarter
     St. Thomas, Virgin Islands
     consisting of 0.15 U.S. acres as shown

and described on OGL Drawing No. A9-60-T66

("the property"). The property is encumbered by two mortgages

and two notes.

Virgin Islands Housing Finance Authority ("VIHFA") holds a

second priority mortgage on the property. VIHFA also holds two

promissory notes on the property. The first promissory note

secures a loan for $15,600. The second promissory note secures a

grant for $36,400.[1]

Browne defaulted on the mortgage and both promissory notes.

The amount owed on the mortgage and both promissory notes is

$50,083.73.

VIHFA added the United States Department of Agriculture

("Rural Development") to the instant action because Rural

Development holds the first priority mortgage on the property.

Browne is also in default on Rural Development's mortgage.

Browne currently owes $161,181.33 on Rural Development's

mortgage.

On July 25, 2017, VIHFA filed a complaint against Browne

and Rural Development seeking to recover the $50,083.73.

---

[1] The term "grant" refers to money Browne received from VIHFA. VIHFA received funds for the grant from the United States Department of Housing and Urban Development ("HUD") under 24 C.F.R. Part 92. Browne is only obligated to repay the grant upon voluntary transfer of the home or default. ECF No. 1-2 at 13. Under the terms of the promissory note, default occurs if Browne defaults on her mortgage with Rural Development on the same home. *Id.* VIHFA alleges that when Browne defaulted on Rural Development's mortgage, the grant became due.

On December 20, 2017, Rural Development answered VIHFA's

complaint, and filed a cross-claim against Browne. The cross-

claim sought to recover the $161,181.33 due under Rural

Development's first priority mortgage.

On February 9, 2018, VIHFA filed a motion to voluntarily

dismiss its complaint against Browne with prejudice, and against

Rural Development without prejudice, because Browne started

making payments to VIHFA. ECF No. 18.

On February 23, 2018, Rural Development filed an opposition

to VIHFA's motion to dismiss. In its opposition, Rural

Development asserts that dismissal is inappropriate because

Rural Development maintains a cross-claim against Browne. Rural

Development also argues that VIHFA is a necessary party under 28

V.I.C. § 532 because VIHFA holds a second mortgage on the

property.

On April 17, 2018, Rural Development filed a motion for

leave to file an amended answer. The Magistrate Judge granted

Rural Development's motion on April 17, 2018. On that same day,

Rural Development filed an amended answer that asserts a

counterclaim against VIHFA.

Federal Rule of Civil Procedure 41(a)(1) provides two

methods for a plaintiff to dismiss an action without the

district court's consent. First, if all parties stipulate to the

dismissal, the moving party does not need the district court's

consent. Fed. R. Civ. P. 41(a)(1)(A)(ii). Second, if the

plaintiff moves to dismiss prior to the service of an answer,

the district court does not need to consent. Fed. R. Civ. P.

41(a)(1)(A)(i).

Here, VIHFA filed a motion to dismiss its claim on February

9, 2018, after Rural Development filed its answer on December

20, 2017. Thus, dismissal is at the discretion of the Court.

Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) provides, in pertinent part, that:

> an action may be dismissed at the plaintiff's
> request . . . on terms that the court
> considers proper. If a defendant has pleaded
> a counterclaim before being served with the
> plaintiff's motion to dismiss, the action may
> be dismissed over the defendant's objection
> only if the counterclaim can remain pending
> for independent adjudication.

Fed. R. Civ. P. 41(a)(2).

It is within the Court's discretion whether to grant a Rule

41(a)(2) motion. *See Ferguson v. Eakle*, 492 F.2d 26, 28-29 (3d

Cir. 1974). In ruling on such a motion, the Court must "decide

the presence or extent of any prejudice to the defendant by the

draconian measure of dismissing plaintiff's complaint." *Id*. at

29.

Here, VIHFA has no reason to maintain its action against Browne. Browne has started making payments to VIHFA towards her outstanding debt. Rural Development objected to VIHFA's Motion to Dismiss because Rural Development "maintains a viable cross-claim against [Browne]." ECF No. 22 at 1. However, dismissal of an action does not work to also dismiss a pending cross-claim. *See Fairview Park Excay. Co., Inc. v. Al Monzo Construction,* 560 F.2d 1122, 1126 (3d. Cir. 1977) (finding that the district court erred in dismissing cross-claim after the complaint against a cross-claimed defendant was dismissed); *Construction Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968); ("A dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a codefendant."); *Danner v. Anskis*, 256 F.2d 123, 124 (3d Cir. 1958).

Further, the Court has jurisdiction over Rural Development's counterclaim pursuant to 28 U.S.C. § 1346 (c) ("[T]he district courts shall have original jurisdiction of all civil actions . . . commenced by the United States."). Because the Court has a basis for jurisdiction independent of VIHFA claim, the Court will retain jurisdiction of Rural Development's cross-claim against Browne and counterclaim against VIHFA. Thus, dismissal of VIHFA's claim in no way prejudices Rural

Development. Fed. R. Civ. P. 41(a)(2) ("[T]he action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.").

The premises considered, it is hereby

**ORDERED** that VIHFA's motion to dismiss its claims against Browne and Rural Development docketed at ECF Number 18 is **GRANTED;** it is further

**ORDERED** that VIHFA's complaint docketed at ECF Number 1 is **DISMISSED.**

S\_____
    **Curtis V. Gómez**
    **District Judge**